## H. O. DUTTON V. G. C. CLOAR, JR.

### Decided June 15, 1901.

**1.—Bankrupt—Deed Not in Fraud of Creditors.**

A deed executed by a bankrupt to his nephew, a minor, several months prior to the grantor's petition in bankruptcy, will not be canceled at the suit of the trustee in bankruptcy on the ground that the grantor was insolvent and the deed without consideration and in fraud of creditors, where the evidence shows that the consideration was the surrender of notes representing a valid indebtedness held against the grantor by the grantee's mother, amounting to the full value of the land, and that the grantor was solvent at that time, and that after the execution of the deed the grantee and his mother were in actual possession of the land, claiming the title.

**2.—Same—Deed Not a Preference—Recording.**

The fact that such deed was not filed for record until within four months of the filing of the grantor's petition in bankruptcy will not render it invalid against the creditors and trustee under section 60 of the bankruptcy act, as giving a preference, where the deed was in fact executed and delivered more than four months prior to the filing of such petition in bankruptcy, and the grantee was in actual possession of the land for eleven months prior to the time the grantor was adjudicated a bankrupt.

**3.—Fraud—Presumption and Burden of Proof—Charge.**

In an action to cancel a deed as having been made in fraud of creditors, it was not error for the court to charge that, "Fraud can not be presumed; it must be proven like any other fact in the case, and the burden of such proof rests upon the party who alleges fraud; but this only means that, to authorize a jury to find that a transaction is fraudulent, there must be evidence of either positive fraud or circumstances from which fraud may be reasonably inferred." Weaver v. Ashcroft, 50 Texas, 443, distinguished.

**4.—Same—Charge Submitting Issue Specifically.**

Where, in an action to cancel a conveyance as having been made in fraud of

creditors, defendant pleaded, and there was evidence tending to support the alle-. gation, that his mother let the grantor have the use of certain money, he executing his notes therefor and agreeing to purchase the land in question and convey it to her whenever requested, and that the conveyance was made to defendant at her request, and in consideration of the surrender of the notes to the grantor, it was proper for the charge to submit the issue so raised, with a modification to the effect that if the grantor did not use the money so supplied to him in payment for the land, the jury should find for the plaintiff.

Appeal from Franklin. Tried below before Hon. J. M. Talbot.

*Wilkins & Stringer* and *Glass, Estes & King,* for appellant.

*S. B. Goswick* and *Crosby & Dinsmore,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—Appellant, as trustee in bankruptcy, sued appellee to cancel a deed and for title and possession of an 80-acre tract of land, making the usual allegations of fraud, no consideration, and of facts avoiding, under the bankrupt act, a conveyance made within four months of the adjudication of bankruptcy. Appellee answered by general denial, bona fide conveyance for value, a conveyance in pursuance of a previous contract, and partial trust in furnishing part of the purchase money.

*Conclusions of Fact.*—On March 23, 1894, U. A. Pope, by a general warranty deed conveyed the land in controversy to W. B. Cloar, the consideration being one note for $400, due November 1, 1894, and one for $500, due January 1, 1895, both bearing 10 per cent interest from date of sale, executed by the said W. B. Cloar. By a deed dated November 19, 1898, and signed delivered, and acknowledged by him January 12, 1899, filed for record September 23, 1899, and recorded in the deed records of Franklin County, October 11, 1899, said W. B. Cloar conveyed to G. C. Cloar, Jr., the land in controversy, which deed is attacked by this suit. G. C. Cloar, Jr., is a boy about 13 years of age, and a nephew of said W. B. Cloar, and lived with his mother, Mrs. M. J. Cloar. In 1888 G. C. Cloar, Sr., father of defendant, was sent to the penitentiary from Hopkins County, Texas, where he and his family then lived. From that time until the fall of 1896, W. B. Cloar lived with Mrs. M. J. Cloar and her children, and helped them manage their affairs and worked in the farm with them. After her husband was sent off, Mrs. Cloar bought a small farm in Franklin County, and with her children and said W. B. Cloar moved there, and ever since have lived on that farm when not living on land bought by W. B. Cloar. In the fall of 1897 G. C. Cloar, Sr., returned. Turner, Rouse & Rutherford brought suit in the fall of 1898 against said W. B. Cloar, on vendors' lien notes, and obtained a judgment in the District Court of Franklin County, Texas, in December, 1898, with a foreclosure of the lien on 160 acres of land of the Bassett headright survey, which land was sold under an order of sale from said judgment, February 7,

1899, and brought about $700. The judgment was for $2500, interest and costs. W. B. Cloar was, upon his own petition, adjudged a bankrupt in the United States Court of the Eastern District of Texas on December 11, 1899. His indebtedness is scheduled as a judgment in the District Court of Franklin County owned by J. L. Rutherford, amounting to $2897.21, with a credit thereon of $645.60. H. O. Dutton, plaintiff herein, was appointed trustee in bankruptcy, duly qualified, and took possession of the bankrupt estate, and by direction of a referee instituted this suit to cancel a deed conveying the land in controversy to G. C. Cloar, and for the possession of said land. The trial resulted in a verdict and judgment for defendant, and plaintiff, as trustee, appealed to this court. Additional facts appear in the opinion.

1. It is contended that the evidence shows that at the time of the transfer of the land in controversy by W. B. Cloar, he was insolvent, and that the consideration was fictitious and fraudulent and made to hinder, delay, and defraud his creditors, and that if there was any consideration the same was a pre-existing debt, not the full value of the property. It is further contended that if the consideration was bona fide, the deed was a preference, it not being recorded until within four months of the grantee's adjudication in bankruptcy, and that the grantee and his mother, Mrs. M. J. Cloar, had reasonable cause to believe she was being preferred. The deed recited a consideration as follows: "The sum of $1075 paid to me, the said W. B. Cloar, by M. J. Cloar, mother of G. C. Cloar, Jr., as follows: the return to me of my certain two promissory notes described as follows, to wit: One note dated November 1, 1892, for $300 and executed by W. B. Cloar payable to M. J. Cloar with interest at 10 per cent from date until paid, amounting to $481.50; also one note executed by W. B. Cloar payable to the said M. J. Cloar, dated January 1, 1894, for $400 with interest at the rate of 10 per cent from date, amounting to $594.33, the receipt of which is hereby acknowledged."

This deed was dated on the 19th day of November, 1898. It was signed, acknowledged, and delivered on January 12, 1899, by W. B. Cloar, and was filed for record September 23, 1899. There was evidence independent of the deed that the consideration of the same was the surrender of the notes recited in the deed, and that said notes represented valid indebtedness against W. B. Cloar, and that they amounted to the full value of the land. There was also evidence tending to show, and which was sufficient to justify the jury in finding, that at the time the deed was executed W. B. Cloar was solvent.

Since the execution of the deed, the grantee and his mother, with her family, have been in actual possession of the land, claiming title to the same by virtue of said deed. Under these facts the deed can not be set aside on the ground that the grantor was insolvent and that the same was made to hinder, delay, and defraud his creditors. Nor can the deed be set aside on the ground that it is a preference to Mrs.

M. J. Cloar, and that she had reasonable cause to believe that when the deed was executed it was intended as a preference to her. It is provided by section 60 of the bankrupt act that "If a bankrupt shall have given a preference within four months of the filing of the petition and before an adjudication, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be avoidable by the trustee, and he may recover the property or its value from such person." The four months stipulated in this statute begin to run from the time the preference takes effect. The undisputed evidence shows that the deed from W. B. Cloar was executed and delivered on January 12, 1899. It took effect at that time; and this is true notwithstanding it was not filed for record for some months thereafter. The grantee and his mother's family had been in actual possession of the land, openly claiming the same, for eleven months prior to the time the grantor was adjudged a bankrupt. The contention that the deed was a preference to Mrs. M. J. Cloar is untenable. Sawyer v. Turpin, 91 U. S., 114; In re Kindt, 101 Fed. Rep., 107; In re Mullin, 101 Fed. Rep., 413; Brandenberg on Bankr., 2 ed., 456; Lowell on Bankr., 480.

2. It is contended that the court erred in refusing a special charge requested by appellant to the effect that "if the conveyance to appellee was made by W. B. Cloar to pay a debt due Mrs. Cloar, and if at the said time he was in failing circumstances, and made the transfer for the purpose of preferring her over his other creditors, and if at said time Mrs. Cloar had reasonable cause to believe that she was being preferred, and if the deed was not placed upon record, or the grantor's creditors had no actual knowledge of such transfer, until within four months of the adjudication of the bankruptcy of said W. B. Cloar, then the jury should find for plaintiff." The court did not err in refusing this charge. The charge does not announce a correct proposition of law. As before stated, the deed took effect more than four months prior to the time the grantor was adjudged a bankrupt; hence the trustee could not set the same aside on the ground that it was a preference. See authorities above cited.

3. It is contended that the court erred in charging the jury that "fraud can not be presumed; it must be proven like any other fact in the case, and the burden of such proof rests upon the party who alleges fraud; but this only means that, to authorize a jury to find that a transaction is fraudulent, there must be evidence of either positive fraud or circumstances from which fraud may be reasonably inferred." It is contended that this charge is erroneous and misleading: (1) Because fraud can be presumed from facts and circumstances proved; (2) it was not essential to plaintiff's right to recover and prove fraud like any other fact in the case, and to so charge was confusing and misleading to the jury; (3) it intensified the error to follow it up and show that the burden of such proof rests on the party who alleges fraud. It has been held that a charge that fraud will not be presumed, unaccompanied with some

further explanation as to the character of evidence by which fraud may be established, is error. Weaver v. Ashcroft, 50 Texas, 443. The charge complained of in this case is accompanied with an explanation of the character of evidence by which it may be established. The charge, taken as a whole, is not subject to the criticism made.

4. The court did not err in giving the special charge requested by defendant, made the ground of the seventh assignment of error, with the modification of said charge made by the court. The defendant plead, in effect, that on January 1, 1894, W. B. Cloar made an arrangement with Mrs. M. J. Cloar, defendant's mother, whereby it was agreed that Mrs. M. J. Cloar would let W. B. Cloar have the use of certain property and money which she then owned, and that he, W. B. Cloar, would purchase the land in controversy and hold the same for the said M. J. Cloar as her property, and would at any time after acquiring the title, upon her request, convey said land to her in consideration of and in satisfaction of said money and property. That said W. B. Cloar did purchase said land under said agreement with said money and property, and held the same for said Mrs. M. J. Cloar until November 19, 1898, when he, at the request of Mrs. M. J. Cloar and G. C. Cloar, Sr., conveyed said land to the defendant, G. C. Cloar, Jr., in compliance with the terms of his said agreement and in consideration of the surrender of the notes held against him by Mrs. M. J. Cloar. There was evidence tending to support these allegations. The court had not in its charge submitted this phase of the case to the jury. The special charge sought to have this issue submitted to the jury. The charge as requested was modified by the court in that the jury were told that if they found that W. B. Cloar did not use any of the money or property so supplied by Mrs. M. J. Cloar in the payment for said land, then they should find for defendant. The charge as modified was proper, and the court did not err in giving the same.

The assignments of error not discussed are overruled as being without merit. Finding no error in the record, the judgment is affirmed.

· *Affirmed.*